**Miguel PEREZ, Petitioner**

v.

**David L. WINN, Warden, FMC Devens, Ayer, Mass., Respondent.**

**Civil Action No. 06–40194–MAP.**

United States District Court,
D. Massachusetts.

Oct. 25, 2006.

consider certifying this issue to the Supreme Judicial Court of Massachusetts for a defini-

### *MEMORANDUM AND ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS* (Dkt. No. 1)

PONSOR, District Judge.

Petitioner Miguel Perez has brought this petition pursuant to 28 U.S.C. §§ 2241 and 2243, seeking a writ of *habeas corpus* to enforce his eligibility for consideration of a placement at a community corrections facility or half-way house. Petitioner argues that B.O.P. regulations, which limit consideration of community corrections placement until the last 10% of his sentence, are based upon an erroneous interpretation of 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c).

The background of the case is as follows.

tive resolution, pursuant to its Rule 1:03.

Petitioner is presently serving a thirty-seven month sentence of incarceration for conspiracy to distribute and possession with intent to distribute cocaine, cocaine base and heroin. Assuming he is granted all available good conduct time, his projected release date is March 24, 2007, and he will be assigned to a community corrections facility on or about December 19, 2006.

Petitioner argues that B.O.P. regulations codified at 28 C.F.R. §§ 570.20 and 570.21 wrongly preclude individualized consideration of a prisoner's eligibility for community corrections placement and are therefore inconsistent with 18 U.S.C. § 3621(b) and § 3624(c). Although the First Circuit has yet to speak directly on the issue, both the Third and the Eighth Circuits have agreed with Petitioner's position, citing the Supreme Court decision in *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001), to find that the B.O.P.'s 2005 regulations are inconsistent with requirements of 18 U.S.C. § 3621(b). *Fults v. Sanders*, 442 F.3d 1088 (8th Cir.2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3rd Cir. 2005).

More recently, United States District Court Judge Patti B. Saris issued a thoughtful opinion finding the same. *Putnam v. Winn*, 441 F.Supp.2d 253 (D.Mass. 2006).

It is unnecessary to re-plow the ground covered so well by Judge Saris. This court hereby adopts the reasoning of her decision. Congress has mandated that prisoners receive individualized evaluation of their eligibility for community corrections placement. Categorical treatment of prisoners as set forth in the 2005 B.O.P. regulations violates both Congressional and Supreme Court authority.

Of course, the fact that Respondent must make an individualized assessment of Petitioner in determining whether a community corrections placement is appropriate does not guarantee that this exercise of discretion will result in any such placement. *See Goldings v. Winn*, 383 F.3d 17 (1st Cir.2004). The assessment, however, must be made based on Petitioner's individual circumstances and merits.

Based on the foregoing, the court hereby ALLOWS the *habeas* petition and orders that, within ten calendar days of this order, the B.O.P. reconsider Petitioner's community corrections placement in good faith in accordance with the standards employed by the B.O.P. prior to December 2002 and without consideration of 28 C.F.R. §§ 570.20 and 570.21. An affidavit shall be filed with the court demonstrating compliance within twenty-one days of this order.

It is So Ordered.